# UNITED STATES DISTRICT COURT
for the
Southern District of Texas

| | |
|---|---|
| United States of America<br>v.<br>Peter Enns Martens<br><br>*Defendant(s)* | )<br>)<br>) Case No.<br>)<br>)<br>)<br>) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __August 13, 2019__ in the county of __Webb__ in the __Southern__ District of __Texas__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. 952(a) and 963 | The defendant did knowingly and unlawfully import into the United States from The United Mexican States controlled substances listed under Schedules I and II of the Controlled Substance Act, to wit; approximately 3.06 kilograms of heroin and 12.86 kilograms of cocaine. Furthermore, the defendant did knowingly and unlawfully conspire to unlawfully import the above listed heroin and cocaine. |

This criminal complaint is based on these facts:

See Attachment A.

☑ Continued on the attached sheet.

/s/ Corey L. Grubbs
*Complainant's signature*

Corey L. Grubbs, HSI Special Agent
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 08/15/2019

*Judge's signature*

City and state: Laredo, Texas

Sam Sheldon, U.S. Magistrate Judge
*Printed name and title*

# ATTACHMENT A

I am a Special Agent of the United States Homeland Security Investigations (HSI), and have knowledge of the following facts:

1. On August 13, 2019, at approximately 5:00 PM, Peter ENNS Martens entered the United States via the Lincoln Juarez Bridge in Laredo, Texas while operating his Chevrolet Silverado pickup.

2. In the primary inspection area, ENNS provided a negative oral Customs declaration to Customs and Border Protection Officers (CBPO). ENNS stated that he was the registered owner of the vehicle and that he was travelling to Ontario, Canada. The primary CBPO observed that ENNS was nervous and that his hands were visibly shaking. ENNS was referred to the secondary inspection area for further inspection.

3. In the secondary inspection area, an X-Ray inspection revealed an anomaly in the wall of the vehicle behind the back seat. Inspection with a CBP canine resulted in a positive alert for the presence of the odor of narcotics. Further inspection of the wall behind the back seat of the vehicle revealed bundles of powdery substances that field tested positive for the properties of both cocaine and heroin. A total of 12.86 kilograms of cocaine and 3.06 kilograms of heroin were removed from the back wall.

4. Special Agents with Homeland Security Investigations (HSI) responded to the seizure. HSI special agents read ENNS his Miranda Rights in the English language. ENNS stated that he understood his Miranda warnings and agreed to speak to HSI special agents regarding the seizure.

5. During the interview, ENNS stated that he purchased the vehicle approximately one year ago. ENNS stated that the only mechanical work that has been done to the vehicle was the replacement of the transfer case which he performed himself.

6. ENNS then requested an attorney and the interview was terminated.

7. ENNS was arrested and transported to the Webb County Jail.